IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID A. ZUBIK, BISHOP OF PITTSBURGH, AS TRUSTEE, ROMAN CATHOLIC DIOCESE OF PITTSBURGH, A PENNSYLVANIA CHARITABLE TRUST And SAINT MARY OF THE MOUNT PARISH, A PENNSYLVANIA CHARITABLE TRUST, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) C.A. No. 20:cv-1809 |
| CITY OF PITTSBURGH and SARA QUINN, | )<br>)<br>) |
| Defendants. | ) |

## AMENDED MEMORANDUM ORDER

Presently pending before the Court is Plaintiffs' Emergency Motion for Injunctive Relief, in which Plaintiffs, the Most Reverend David A. Zubik, Bishop of Pittsburgh, the Roman Catholic Diocese of Pittsburgh and the Saint Mary of the Mount Parish request, pursuant to Federal Rule of Civil Procedure 65(a), a Temporary Restraining Order and/or Preliminary Injunction. The Court has reviewed the motion,[1] Memorandum of Law in support, and the affidavit of the Very Reverend Thomas W. Kunz in support thereto. Further, commencing at 9:00 a.m. on this date, the Court held a telephonic status conference call, at which all parties were represented by Counsel, during which time counsel were afforded an opportunity to present their clients' respective positions on the merits of the pending emergency motion.

Plaintiffs request that the Court issue a temporary restraining order ("TRO") against the City of Pittsburgh enjoining them from holding a vote on the passing of legislation designating

---

[1] Said motion was referred to the undersigned as the designated Miscellaneous District Court Judge on Sunday, November 22, 2020. After conferring with counsel on November 22, 2020, and the subsequent scheduling of the telephonic conference on this date, this case was assigned by the Clerk of Court to the Honorable W. Scott Hardy.

1

the Saint John Vianney Church building as a historic structure.  A vote on said decision is scheduled for today, Monday, November 23, 2020 at 10:00 a.m.

After careful consideration of the Emergency Motion and Memorandum of Law in support thereto, the Court is persuaded that Plaintiffs have met the standard for obtaining a TRO, and the Court will therefore enter a TRO and defer ruling on the Motion for Preliminary Injunction until such time as a hearing on the motion for preliminary injunction may be scheduled at the discretion of the Honorable W. Scott Hardy.

## I.  Standard of Review

A party seeking a TRO must also establish (1) a likelihood of success on the merits, (2) that denial of injunctive relief will result in irreparable harm, (3) that granting the temporary restraining order will not result in irreparable harm to the defendants, and (4) that granting the TRO is in the public interest. *See Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1997). The requirements for a temporary restraining order are the same as those for a preliminary injunction. *Saluck v. Rosner*, C.A. No. 98-5718, 2003 WL 559395, at *2 (E.D. Pa. Feb. 25, 2003). The Court finds that each of these four elements is satisfied. We note that the primary purpose of a temporary restraining order and/or preliminary injunction is to preserve the status quo until a decision can be made on the merits.  *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020).

## II.  Discussion of Standard as Applied to the Facts and Law Herein

First, the Court agrees with the argument and reasoning of Plaintiffs' Memorandum of Law and finds that the facts of the Complaint establish more than a reasonable probability of success on the merits such that a TRO should issue. To establish a reasonable probability of success on the merits such that a TRO should issue, a "plaintiff need only prove a prima facie

case, not a certainty that [it] will win." *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 173 (3d Cir. 2001*); see also Reilly v. City of Harrisburg,* 858 F.3d 173, 179 (3d Cir. 2017) ("[The court does] not require at the preliminary stage a more-likely-than-not showing of success on the merits because a likelihood of success on the merits does not mean more likely than not.") (internal quotation marks omitted). Plaintiffs have met this burden with the allegations of the Complaint for their asserted causes of action.

Second, the Court finds that the allegations of the Complaint demonstrate that injunctive relief is necessary to prevent immediate and irreparable harm to Plaintiffs. Plaintiffs have shown sufficiently that absent immediate injunctive relief, Defendants are likely to harm Plaintiffs by requiring them to expend resources to repair and maintain the property, and to seek approval by the government in the exercise and performance of their faith. The latter would pose an intrusion upon their beliefs and exercise of their beliefs. Absent temporary injunctive relief, the City Council would usurp the Catholic Church's authority under Canon Law and would harm the Plaintiffs by challenging the Holy See, a sovereign juridical entity under international law.

Third, the Court finds that the balance of harms clearly and strongly weighs in favor of Plaintiffs. Defendants will not be harmed in any significant manner by the requested TRO. Defendants are enjoined only from voting and therefore rendering the property a historic designation. In contrast, if the Court were to deny Plaintiffs' motion, they may be harmed by being forced to expend their already limited resources to make necessary repairs to the building to make it safe for future use.

Fourth, the grant of a TRO in this case is in the public interest. The public has a strong interest in protecting the constitutional rights of Plaintiffs not to be harmed by the government's infringement on their fundamental rights. The temporary restraining order would not

permanently prevent the City of Pittsburgh from considering the historic designation at a later date after due and just consideration of the merits of this action.

Therefore, the Court finds that all four elements are satisfied and necessitate the grant of a TRO in favor of Plaintiffs.

### III.  Nominal Bond is Appropriate Security for TRO

Furthermore, the Court finds that the Defendants will suffer little, if any damages if this TRO was entered wrongfully, and therefore, pursuant to Federal Rule of Civil Procedure 65(c), the Court will require only a nominal bond of $100. *See* Fed. R. Civ. P. 65(c); *N. Pa. Legal Servs., Inc. v. Lackawanna Cnty.*, 513 F. Supp. 678, 685-86 (M.D. Pa. 1981) (requiring nominal bond of $100); *Brookins v. Bonnell,* 362 F. Supp. 379, 380-81 (E.D. Pa. 1973) (requiring no bond).

### IV.  Conclusion

The Court is satisfied that Defendants will not be harmed in any significant way by the granting of a TRO.  Plaintiffs have established all of the requirements of Rule 65 and are entitled to entry of a TRO under the relevant case law. Consequently, a corresponding Order follows.

### ORDER

AND NOW, this 23rd day of November, 2020, upon consideration of Plaintiffs' Emergency Motion for Injunctive Relief, and having determined that:

(1) Plaintiffs have established a likelihood of success on the merits;

(2) Plaintiffs will suffer irreparable harm if the injunction is denied;

(3) granting the preliminary relief will not result in even greater harm to the Defendants; and

(4) the public interest favors relief.

IT IS HEREBY ORDERED that the Motion for Temporary Restraining Order is hereby GRANTED.  IT IS FURTHER ORDERED that:

1)  Defendant City of Pittsburgh is temporarily enjoined, restrained, and prohibited from: (i) voting on the designation of the Saint John Vianney church building as a historic structure; and (ii) designating the Saint John Vianney church building as a historic structure.

2)  A decision on Plaintiffs' request for a Preliminary Injunction is hereby DEFERRED and a hearing on Plaintiffs' request for preliminary injunction will be conducted on further Order of Court.  Likewise, the scheduling of Defendants' opposition briefs, if any, shall be determined at the discretion of the assigned District Court Judge.

3) Plaintiffs shall post bond of $100 forthwith to the Clerk of the United States District Court for the Western District of Pennsylvania to be placed by the Clerk into the Clerk of Court's local registry account to remain there until further Order of this Court;

4) No party shall alter the physical structure of the subject premises, not to include the installation of surveillance equipment if warranted; and

5) This Order expires on **December 7, 2020 at 10:00 a.m**., absent, for good cause shown, an extension by and at the discretion of the District Court Judge assigned hereto.

BY THE COURT:

*Robert J. Colville*
Robert J. Colville
United States District Judge

cc:  record counsel via CM-ECF

5